**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**MAURICE SEYMORE,**

                     **Plaintiff,**

        **- against -**

**DEPARTMENT OF CORR SERVICES, ET AL.,**

                     **Defendants.**
_____

**11 Civ. 2254 (JGK)**

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

The plaintiff, Maurice Seymore, alleges that he was injured while incarcerated at the George Motchan Detention Center ("GMDC") on Rikers Island.  Seymore brings this pro se action pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated when he was subjected to unsafe and inhumane living conditions and inadequate medical treatment at GMDC.  Seymore alleges that he slipped and fell at the facility as a result of unsafe conditions.  He alleges that he received inadequate medical treatment for his injuries and that the living conditions at the facility were inhumane.  Seymore brings his suit against the following defendants: Dora Schirro, the Commissioner of the New York City Department of Correction ("DOC"); DOC Associate Commissioner Erik Berliner; GMDC Warden J. Davis; GMDC Grievance Coordinator Mimms; GMDC employees

Bilardi, Moss, Altshuler, Arol, and Halperin; and the City of New York.[1]

The defendants move to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, the defendants' motion is **granted** and the plaintiff's claims are **dismissed** with prejudice.


I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550

---

[1] The plaintiff has also named the GMDC Medical Department as a defendant in this action.  However, as part of the DOC, a City agency, the correctional facility medical department is not amenable to suit.  See Benavides v. Grier, No. 09 Civ. 8600, 2011 WL 43521, at *3 (S.D.N.Y. Jan. 6, 2011).  Therefore, the plaintiff's claims against the GMDC Medical Department are **dismissed**.

U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."  Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citation omitted).  Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled."  Id.; see also Bowden v. Duffy, No. 13 Civ. 717, 2014 WL 338786, at *1 (S.D.N.Y. Jan. 30, 2014).

II.

The following factual allegations set forth in the plaintiff's Second Amended Complaint are accepted as true for purposes of this motion to dismiss.

A.

On May 26, 2010, the plaintiff was transferred to GMDC as a pre-trial detainee. (Second Amended Complaint ("SAC") at 9.)[2] On August 2, 2010, the plaintiff slipped and fell while cleaning the GMDC bathroom. (SAC at 9, 30.) The plaintiff alleges that this accident occurred because the bathroom floor contained potholes and was improperly tiled with the same material as the bathroom walls, because the bathroom ceiling was leaky, and because prison officials supplied him with improper footwear. (SAC at 9, 13, 19, 30.)

B.

After the plaintiff's accident, he received immediate assistance from a GMDC nurse, who placed the plaintiff in a neck brace before transferring him to Elmhurst hospital. (SAC at 10, 32.) The plaintiff alleges that this neck brace was put on

---

[2] Citations to the Second Amended Complaint are to pages and not to paragraphs.

4

improperly and that, consequently, he had difficulty breathing until it was removed.  (SAC at 10.)

The plaintiff claims that prison officials provided him with incorrect pain medication to respond to the pain from his fall.  (SAC at 34.)  The plaintiff was provided with Tylenol/Codeine #3 but claims that he should have been provided with Percocet.  (SAC at 36.)


C.

The plaintiff also alleges that the living conditions at GMDC are unconstitutional.  The plaintiff points to leaks in the prison ceilings and walls, as well as the presence of mildew and mushrooms in the bathroom.  (SAC at 19.)  The plaintiff asserts that the mildew and mushrooms in the prison bathroom cause a foul odor.  (SAC at 19.)


D.

The plaintiff also alleges that GMDC Warden Davis failed to supervise prison maintenance staff, (SAC at 12), that Commissioner Schirro failed to supervise Warden Davis, and that Associate Commissioner Berliner failed to supervise DOC employees.  Finally, the plaintiff alleges that GMDC Grievance Coordinator Mimms failed to provide records.  The plaintiff alleges that Mimms willfully misplaced documents to undermine

5

the plaintiff's ability to pursue his claims.  (SAC at 25.)  The plaintiff also alleges that Mimms either withheld or failed to file his grievance with the DOC, depriving him of access to redress.  (SAC at 25.)  It appears, however, that GMDC's Inmate Grievance Resolution Committee in fact received the plaintiff's complaint on August 26, 2010.  (SAC at 31.)  The GMDC Inmate Grievance Resolution Committee also received a second complaint from the plaintiff in late November, 2010.[3]  (SAC at 34.)

III.

The plaintiff brings his claims under the Eighth Amendment.  The Eighth Amendment, however, does not apply to claims by pre-trial detainees.  Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009).  Instead, a pretrial detainee in state custody "receives protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment."  Id. at 69 (citations omitted).  Under the Due Process Clause of the Fourteenth Amendment, the

---

[3] Although the plaintiff originally brought claims against the Bob Barker Company, those claims have apparently been abandoned. The Bob Barker Company was previously sued on the basis that it provided the footwear that the plaintiff was using when he slipped and fell.  The Second Amended Complaint does not contain any allegation against the Bob Barker Company, and the Bob Barker Company is not named in the caption of the Second Amended Complaint.  Accordingly, any claims against Bob Barker Company are **dismissed**.  See, e.g., Gill v. Mooney, 824 F.2d 192 (2d Cir. 1987); Carrasquillo v. City of New York, 324 F. Supp. 2d 428 (S.D.N.Y. 2004).

conditions of pretrial detention are constitutional unless they amount to punishment of the detainee.  See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979).  "Because restraint is always necessary in effectuating confinement, not every uncomfortable or disabling condition and restriction can be considered punitive." Benjamin v. Fraser, 343 F.3d 35, 50 (2d Cir. 2003) (citation omitted), overruled on other grounds, Caiozzo, 581 F.3d 63.  In any event, the constitutional inquiries under the Eighth and Fourteenth Amendments are in all relevant respects identical. Caiozzo, 581 F.3d at 72; see also Bowden, 2013 WL 338786, at *3 n.1.

In order to allege a Fourteenth Amendment violation on the basis of inhumane or unsafe living conditions, a failure to provide adequate medical treatment, or some combination of the two, a prisoner must plausibly allege that the charged officials were deliberately indifferent to the claimed deprivation. Wilson v. Seiter, 501 U.S. 294, 303 (1991); Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A deliberate indifference claim under the Eighth or Fourteenth Amendment consists of two elements. The first element is objective and requires that the prisoner allege a sufficiently serious deprivation.  The second element is subjective and requires that the prisoner allege that the charged official acted with a sufficiently culpable state of mind.  See, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994);

Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006); Pratt
v. City of New York, 929 F. Supp. 2d 314, 319-20 (S.D.N.Y.
2013).

     With respect to pleading an objective deprivation, the
Second Circuit Court of Appeals has explained that "[b]ecause
society does not expect or intend prison conditions to be
comfortable, only extreme deprivations are sufficient to sustain
a 'conditions-of-confinement claim.'"  Blyden v. Mancusi, 186
F.3d 252, 263 (2d Cir. 1998) (citing Hudson v. McMillian, 503
U.S. 1, 9 (1992)).  With respect to showing a subjectively
culpable state of mind, a plaintiff "must show that the acts of
defendants involved more than lack of due care, but rather
involved obduracy and wantonness in placing his health in
danger."  LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998);
see also Pratt, 929 F. Supp. 2d at 320.  In other words, the
plaintiff must show that the defendants knew of and refused to
remedy the relevant deprivation.  See, e.g., Farmer, 511 U.S. at
837; LaBounty, 137 F.3d at 73.


                              A.

     The plaintiff first alleges that prison officials were
deliberately indifferent to the safety concerns that arose in
connection with persistent potholes, improper tiling, and
various leaks in the GMDC bathroom, and that they provided him

                              8

with improper footwear to work in the bathroom.  These
allegations do not support a plausible inference that the
plaintiff suffered a sufficiently serious deprivation or that
any individual defendant acted with the requisite state of mind.

 "The Eighth Amendment requires prison officials to take
reasonable measures to guarantee the safety of inmates in their
custody."  Hayes v. New York City Dep't of Corr., 84 F.3d 614,
620 (2d Cir. 1996) (citations omitted); see also Farmer, 511
U.S. at 832.  To show that conditions of confinement constitute
an objectively sufficiently serious deprivation, plaintiffs must
show that they have been exposed to conditions that "pose an
unreasonable risk of serious damage . . . to [their] future
health."  Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002)
(alteration in original) (citation and internal quotation marks
omitted).  "Only deprivations denying the minimal civilized
measure of life's necessities are sufficiently grave to form the
basis of an Eighth Amendment violation."  Salahuddin, 467 F.3d
at 279 (citation and internal quotation marks omitted).

 In this case, the plaintiff does not allege deprivations
denying the minimal civilized measure of life's necessities.
Rather, the plaintiff alleges that the defendants exposed him to
unsafe living conditions by using improper tile on the bathroom
floor, failing to repair cracks in that floor, failing to
address leaks in the area, and providing him with unsuitable

footwear.  These allegations are ordinary torts that do not rise
to the level of constitutional deprivations.  This is so because
"the Eighth Amendment is not . . . a substitute for state tort
law." Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003); see
also, e.g., Hawkins v. Nassau Cnty. Corr. Facility, 781 F. Supp.
2d 107, 113 (E.D.N.Y. 2011) ("[L]awsuits alleging garden-variety
torts in the prison system that do not implicate basic human
needs and constitutional rights are properly within the province
of state courts, and are not cognizable under Section 1983.");
Flowers v. City of New York, 668 F. Supp. 2d 574, 578 (S.D.N.Y.
2009) (same).

     This case is unlike those in which plaintiffs have
plausibly alleged that their conditions of confinement
constituted sufficiently serious deprivations.  See, e.g.,
Helling v. McKinney, 509 U.S. 25, 35 (1993) (failure to protect
prisoner from prolonged exposure to second-hand smoke sufficient
to allege constitutional deprivation); Gaston v. Coughlin, 249
F.3d 156, 165 (2d Cir. 2001) (failure to protect prisoner from
exposure to prolonged cold because of broken windows, and from
exposure to fecal matter, urine, sewage, and mice in or about
cell, sufficient to allege constitutional deprivation); Pratt,
929 F. Supp. 2d at 320-21 (exposure to friable asbestos posed a
sufficiently serious risk to health to allege constitutional
deprivation).

The present case is similar to cases that are regularly dismissed under the objective element of the deliberate indifference inquiry because they allege simple state law torts. See, e.g., Martin v. City of New York, No. 11 Civ. 600, 2012 WL 1392648, at *7-10 (S.D.N.Y. Apr. 20, 2012) (dismissing under objective prong of deliberate indifference inquiry Section 1983 claim that inmate was injured when inmate slipped and fell on a wet and poorly constructed floor "while wearing ill-fitting shoes with inadequate soles"); Hawkins, 781 F. Supp. 2d at 114 (dismissing under objective prong of deliberate indifference inquiry Section 1983 claim alleging that inmate was injured when inmate slipped and fell in the shower); Johnson v. New York City Dep't of Corr., No. 10 Civ. 338, 2010 WL 2426017, at *1 (E.D.N.Y. June 11, 2010) (same). Accordingly, the plaintiff's allegations do not plausibly allege a sufficiently serious and therefore constitutionally cognizable deprivation.[4]

Additionally, the plaintiff's allegations with respect to the conditions that caused his accident do not support a plausible inference that any individual defendant acted with a sufficiently culpable state of mind. The plaintiff alleges that potholes in the shower area were in existence when he arrived at

---

[4] Similarly, the plaintiff's allegations of mushrooms and mold growing in the GMDC restroom, their accompanying odor, and other issues like leaky ceilings, are insufficient to allege a constitutional deprivation.

GMDC.  (SAC at 9.)  The plaintiff also alleges that various
defendants knew or should have known about the various unsafe
conditions about which the plaintiff complains.  (SAC at 12,
13.)  The allegations are insufficient to allege plausibly that
any individual defendant acted with a sufficiently culpable
state of mind because the plaintiff has, at most, alleged that
various defendants were negligent in failing to correct
conditions, not that any defendant obdurately and wantonly
refused to remedy a specific risk to the plaintiff.  See, e.g.,
Farmer, 511 U.S. at 837 ("[T]he official must both be aware of
facts from which the inference could be drawn that a substantial
risk of serious harm exists, and he must also draw the
inference."); LaBounty, 137 F.3d at 73 ("To succeed in showing
deliberate indifference, [a plaintiff] must show that the acts
of defendants involved more than lack of due care, but rather
involved obduracy and wantoness in placing his health in
danger."); see also Graham v. Poole, 476 F. Supp. 2d 257, 260
(W.D.N.Y. 2007) (in case involving inmate slip and fall claim,
holding that "[a]lthough plaintiff alleges that defendants were
aware of the dangerous condition of the shower floor and failed
to rectify it, that amounts to nothing more than negligence, and
is not enough to establish an Eighth Amendment claim"); Edwards
v. City of New York, No. 08 Civ. 05787, 2009 WL 2596595, at *2
(S.D.N.Y. Aug. 24, 2009) (same); Davis v. Reilly, 324 F. Supp.

2d 361, 367 (E.D.N.Y. 2004) (same).  Accordingly, the plaintiff
has not plausibly alleged that any defendant acted with a
sufficiently culpable state of mind to sustain his conditions-
of-confinement claim.  The plaintiff's unsafe conditions-of-
confinement claim is therefore **dismissed**.


                              B.

        The plaintiff next alleges that the defendants subjected
him to cruel and unusual punishment because they failed to
address his medical needs adequately.  "The Cruel and Unusual
Punishments Clause of the Eighth Amendment imposes a duty upon
prison officials to ensure that inmates receive adequate medical
care."  Salahuddin, 467 F.3d at 279 (citation omitted).  To
plead sufficiently a claim for inadequate medical care under the
Eighth or Fourteenth Amendment, a plaintiff must satisfy both
elements of the deliberate indifference test, alleging a
sufficiently serious deprivation of medical care and that the
charged official "act[ed] or fail[ed] to act while actually
aware of a substantial risk that serious inmate harm will
result."  Id. at 279-280 (citation omitted).  With respect to an
official's state of mind, it is not enough to allege mere
negligence in diagnosis or treatment.  See, e.g., Estelle, 429
U.S. at 105-06; Smith, 316 F.3d at 184.  "Medical malpractice
does not become a constitutional violation merely because the

                              13

victim is a prisoner." Estelle, 429 U.S. at 106. Rather, to plead sufficiently that an official was deliberately indifferent to a plaintiff's medical needs, the plaintiff must plausibly allege that the charged official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." Rush v. Fischer, 923 F. Supp. 2d 545, 554 (S.D.N.Y. 2013) (alterations in original) (quoting Farmer, 511 U.S. at 837); see also Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).

In this case, the plaintiff alleges that his medical treatment was inadequate in two respects. First, the plaintiff alleges that, when GMDC medical personnel put the defendant in a neck brace after his accident, they did so improperly. As a result, the plaintiff asserts, he struggled to breathe until the brace was removed. Second, the plaintiff alleges that, although Elmhurst hospital doctors prescribed Percocet to alleviate his pain, GMDC medical personnel provided him with Tylenol/Codeine #3. The plaintiff claims that the decision to substitute a different pain medication for the pain medication prescribed caused him to suffer severe pain.

Neither of these allegations is sufficient to state a claim for deliberate indifference to the plaintiff's medical needs because neither allegation indicates that the responsible officials acted with a sufficiently culpable state of mind. Farmer, 511 U.S. at 834; Salahuddin, 467 F.3d at 279-280. After

14

the plaintiff's accident occurred, the plaintiff received prompt
medical care.  The plaintiff was immediately transferred to
GMDC's medical clinic, provided a neck brace, and taken on a
stretcher to Elmhurst hospital.  The plaintiff has since been
provided with pain medication to manage his condition.  The
Second Amended Complaint contains no allegation that medical
personnel knew of or disregarded an excessive risk in connection
with either fitting the plaintiff's neck brace or substituting
one prescription medication for another.  At most, the plaintiff
alleges that the medical personnel acted negligently.  However,
to state a claim for deliberate indifference to medical needs,
it is not enough for a plaintiff to allege that officials acted
negligently.  See, e.g., Estelle, 429 U.S. at 105-06 (Because
"an inadvertent failure to provide adequate medical care cannot
be said to constitute an unnecessary and wanton infliction of
pain or to be repugnant to the conscience of mankind . . . a
complaint that a physician has been negligent in diagnosing or
treating a medical condition does not state a valid claim of
medical mistreatment under the Eighth Amendment" (internal
quotation marks omitted)); Smith, 316 F.3d at 184 (noting that
"mere negligence in diagnosis or treatment is insufficient to
state a valid Eighth Amendment claim").[5]

---

[5] The plaintiff's allegation that medical personnel improperly
substituted one prescription medication for another also fails

15

The plaintiff has not alleged any facts suggesting that medical personnel "knew of and disregarded an excessive risk to inmate health or safety." <u>Chance</u>, 143 F.3d at 702. Accordingly, the plaintiff's claim for deliberate indifference to his medical needs is **dismissed**.

C.

The plaintiff also alleges that defendants Schirro, Berliner, and Davis, are liable for their failure to supervise prison personnel adequately. However, it is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." <u>Farid v. Ellen</u>, 593 F.3d 233, 249 (2d Cir. 2010) (citation omitted). Indeed, "[t]here is no <u>respondeat superior</u> liability in § 1983 cases." <u>Green v. Bauvi</u>, 46 F.3d 189, 194 (2d Cir. 1995) (citation omitted). "A defendant's status as warden or commissioner of a prison, standing alone, is . . . insufficient to establish personal involvement under section 1983." <u>Walker v. Schriro</u>, No. 11 Civ. 9299, 2013 WL 1234930, at *15 (S.D.N.Y. Mar. 26, 2013) (citations and internal

---

to allege a deprivation that is sufficiently serious to implicate the Eighth Amendment. <u>See, e.g.</u>, <u>Rush</u>, 923 F. Supp. 2d at 555 (failure to provide stronger pain medication not sufficiently serious to allege constitutional deprivation); <u>Harris v. Westchester Cnty. Med. Ctr.</u>, No. 08 Civ. 1128, 2011 WL 2637429, at *3 (S.D.N.Y. July 6, 2011) (same).

16

quotation marks omitted).  To allege plausibly a defendant's
personal involvement, "a plaintiff must plead that each
Government-official defendant, through the official's own
individual actions, has violated the Constitution." Iqbal, 556
U.S. at 676.  Although the Second Circuit Court of Appeals has
not addressed whether Iqbal "heightened the requirements for
showing a [prison or correctional official's] personal
involvement with respect to certain constitutional violations,"
see, e.g., Hogan v. Fischer, 738 F.3d 509, 519 n.3 (2d Cir.
2013), the Court of Appeals has indicated that, even after
Iqbal, "[a] supervisory official personally participates in
challenged conduct not only by direct participation, but by (1)
failing to take corrective action; (2) creation of a policy or
custom fostering the conduct; [or] (3) grossly negligent
supervision or deliberate indifference to the rights of others."
Rolon v. Ward, 345 Fed. App'x 608, 611 (2d Cir. 2009) (summary
order) (citation omitted).

     In this case, the plaintiff's supervisory liability claims
must be dismissed because the plaintiff has failed to allege an
underlying constitutional deprivation.  See, e.g., Floyd v.
Bailey, No. 10 Civ. 7794, 2013 WL 1155361, at *7 (S.D.N.Y. Mar.
21, 2013).  Moreover, the plaintiff has not adequately alleged
personal involvement of any of the supervisory defendants.

"A plaintiff must allege sufficient facts to support a conclusion of supervisory liability." Parris v. New York State Dept. of Corr. Servs., 947 F. Supp. 2d 354, 364 (S.D.N.Y. 2013) (citation omitted). With respect to Associate Commissioner Berliner, the Second Amended Complaint alleges only that Berliner failed to ensure the adequacy of prison inspections. This conclusory allegation does not plausibly allege that Berliner was personally involved in any of the deprivations alleged in this case. See, e.g., id. ("Conclusory, unsupported allegations of gross negligence or the existence of a policy are simply insufficient to establish liability of supervisory prison officials under § 1983." (citation omitted)).

With respect to Schirro and Davis, the Second Amended Complaint alleges that each defendant failed to ensure the adequacy of inspections and that each defendant had knowledge of the unsafe conditions at GMDC based on occasional rounds or visits to GMDC. These allegations do not support a plausible inference that the defendants were directly involved in the conditions that caused the plaintiff's injury because "[a]llegations as to a defendants' knowledge of alleged constitutional violations are insufficient to impose supervisory liability under § 1983 unless accompanied by allegations that the defendants had direct responsibility for monitoring the alleged violation or that there had been a history of previous

18

episodes putting the defendants on notice of the problem." Id.
(citation and internal quotation marks omitted).

The Second Amended Complaint fails to allege that either
Schirro or Davis was in any way responsible for monitoring the
conditions that allegedly caused the plaintiff's injury, or that
a history of problems at GMDC put Schirro and Davis on notice of
those conditions.  Accordingly, allegations that Schirro and
Davis knew or should have known about unsafe living conditions
at GMDC because each allegedly made rounds at the facility are
insufficient to allege plausibly their direct involvement in the
deprivations alleged.  The absence in the Second Amended
Complaint of any allegation that either defendant actually
encountered the conditions at issue when making rounds at GMDC
only underscores that the plaintiff had not adequately pleaded
either defendant's personal involvement.  See, e.g. Mateo v.
Fischer, 682 F. Supp. 2d 423, 430-431 (S.D.N.Y. 2010)
(collecting cases).


D.

The plaintiff also appears to allege that he was
unconstitutionally denied access to process because a GMDC
Grievance Coordinator, identified only as Mimms, either failed
to provide the plaintiff with necessary records or failed to
file his grievance with the DOC.

The Second Amended Complaint contains no allegations with respect to when the purportedly improper conduct occurred or what documents were misplaced or withheld.  Although the plaintiff claims that Mimms refrained from filing his grievance until it was untimely, the plaintiff has failed to plead any facts suggesting that he was denied access to the grievance process.  In fact, it appears that GMDC's Inmate Grievance Resolution Committee received the plaintiff's complaint on August 26, 2010 and the complaint was denied because it did not fall within the purview of the Committee.  (SAC at 32.)  Another grievance was apparently received in late November of 2010. (SAC at 34.)  The plaintiff's claim that he was denied access to the grievance process is thus without merit.

To the extent that the plaintiff alleges a denial of his constitutional right of access to the courts, see Lewis v. Casey, 518 U.S. 343, 346 (1996), the plaintiff has not pleaded facts sufficient to support a plausible inference that such a denial in fact occurred.  The plaintiff has not experienced any difficulty in pursuing this litigation, and there is no indication that the plaintiff had any difficulty in pursuing his recently filed action in the New York State Supreme Court for Bronx County.  Accordingly, the prisoner has not demonstrated that his right to access the courts was denied, that such denial was deliberate and malicious, and that such denial caused him

20

actual injury, all of which are required to sustain a claim for denial of access to courts.  Amaker v. Haponik, No. 98 Civ. 2663, 2002 WL 523385, at *8 (S.D.N.Y. Mar. 29, 2002), aff'd, 125 Fed. App'x 375 (2d Cir. 2005) (summary order); see also Lewis, 518 U.S. at 351; Monsky v. Moraghan, 127 F.3d 243, 246-47 (2d Cir. 1997).

IV.

The claims against the City of New York must be dismissed because the plaintiff has failed to allege a substantive claim for which the City could be liable.  The defendants are also correct that the claims against the City must be dismissed because the plaintiff has failed to plead a basis for municipal liability under Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658 (1978).  Monell provides that "municipalities may be sued directly under § 1983 for constitutional deprivations inflicted upon private individuals pursuant to a governmental custom, policy, ordinance, regulation, or decision."  Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) (citing Monell, 436 U.S. at 690-91).  Municipalities are not subject to liability under theories of respondeat superior, but rather on the basis that their policies or customs "inflict[ed] the injury upon the plaintiff."  Id. "[T]o hold a city liable under § 1983 for the unconstitutional

21

actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Id.; see also Barnes v. Pozzi, No. 10 Civ. 2554, 2012 WL 3155073, at *8 (S.D.N.Y. Aug. 3, 2012).

Monell only "extends liability to a municipal organization where that organization's failure to train, or the policies or customs that is has sanctioned, led to an independent constitutional violation. Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006). Where, as here, a plaintiff does not allege an underlying constitutional violation, there can be no liability under Monell. Id.; see also Benavides, 2011 WL 43521, at *3. In any event, the plaintiff's complaint fails to state a claim against the City because the plaintiff has not alleged any facts that connect his asserted injuries to any training, policy, or custom on the part of the City of New York. See Benavides, 2011 WL 43521, at *3.

## CONCLUSION

The Court has considered all of the arguments by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the defendants' motion to dismiss is **granted**. Because the Court has twice allowed the plaintiff to amend his

complaint, the Second Amended Complaint is dismissed **with**

**prejudice.  The Clerk is directed to enter judgment dismissing**

**this action and closing the case.  The Clerk is also directed to**

**close all pending motions.**

**SO ORDERED.**

**Dated:    New York, New York**
**February 18, 2014          _____/s/_____**
                                    **John G. Koeltl**
                          **United States District Judge**